**UNITED STATES of America,**
**Appellee,**

v.

**Ricardo SOSA, also known as Kuky,**
**Defendant–Appellant.**

No. 03–1084.

United States Court of Appeals,
Second Circuit.

Dec. 4, 2003.

Andrew D. Greene, Lake Success, NY, on submission, for Defendant–Appellant.

Harry Sandick, Assistant United States Attorney, for James B. Comey, United States Attorney for the Southern District of New York (Andrew J. Ceresney, Assistant United States Attorney, on the brief), on submission, for Appellee.

Present: CALABRESI, B.D. PARKER, and RAGGI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

On January 31, 2003, Defendant Ricardo Sosa was convicted upon a plea of guilty to a two-count indictment. Count One charged Defendant with participating in a conspiracy to distribute and possess with intent to distribute approximately 84 grams of a substance containing a detectable amount of cocaine base, commonly known as "crack," in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), 846. Count Two charged Defendant with the substantive crime of distributing and possessing with intent to distribute approximately 84 grams of "crack," in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A); 18 U.S.C. § 2. The district court sentenced Defendant to 121 months' imprisonment, five years of supervised release, and a $200 special assessment.

Defendant's sole argument on appeal is that his guilty plea., entered on August 21, 2002, pursuant to a plea agreement, was not knowing and voluntary because the district court failed to comply with Fed. R.Crim.P. 11(c)(1) (2002), which requires the district court to inform the defendant of, *inter alia,* "the nature of the charge to which the plea is offered." During the relevant portion of the Rule 11 hearing, Defendant was informed of the elements of the crimes charged and the government's burden of proof at trial, but this explanation did not specify that the government had the burden of proving to the jury beyond a reasonable doubt that the drug offenses involved more than 50 grams of crack cocaine. *See Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court, however, corrected this omission minutes later by informing Defendant of the government's burden in this regard, and then asking Defendant, "So knowing that, do you still wish to plead guilty?," to which Defendant responded, "Yes, your Honor." Defendant argues that this few-minute delay in informing him of the government's burden in regard to drug quantity was confusing and undermined the voluntariness of the plea. We disagree, and hold that, under the particular circumstances of this case, the district court adequately informed Defendant of the government's burden of proof at trial, including its burden in regard to drug quantity.[1] *See United States v. Maher,* 108 F.3d 1513, 1520–21 (2d Cir.1997). Accordingly, Defendant's guilty plea was properly accepted by the district court as knowing and voluntary.

We have considered all of Defendant's arguments and find them meritless. The district court's judgment is therefore AFFIRMED.

---

1. Because we find that no error was committed, we need not perform a plain error analysis or address any of the government's other arguments in favor of affirmance.